UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
Wayne Hartnagel

                               Plaintiff,          **MEMORANDUM AND ORDER**
           -against-                      Case No. 10-5637 (TLM)

The City of New York and
Officer Francisco Ponce,

                               Defendants,
---------------------------------------------------------------- X

       Before the Court is defendants City of New York and Officer Francisco Ponce's Motion for Summary Judgment [Rec. Doc. 24]. For the reasons that follow, defendant's motion will be **DENIED** without prejudice to re-file the motion in accordance with the Local Rules.

**I. Background**

       Defendants City of New York and Office Ponce, represented by attorneys, filed their motion for summary judgment against pro se plaintiff Wayne Hartnagel on October 21, 2011. Plaintiff failed to file a response to defendants' motion by the Court's November 18, 2011 deadline. On December 2, 2011, defendants' attorney filed a letter requesting that the motion be deemed fully briefed [Rec. Doc. 28].

**II. Local Rule 56.2**

       An issue arises under Local Rule 56.2 because defendants are represented by attorneys and move for summary judgment against a pro se plaintiff. Under Local Rule 56.2 of the United States District Court for the Eastern District of New York, "any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a Notice To Pro Se Litigant Opposing Motion

1

For Summary Judgment." The purpose of this rule is to ensure that a party acting pro se "understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so." *Hartford Life Ins. Co. v. Einhorn*, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006). The Second Circuit has made clear that failure to include Rule 56.2 notice with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the pro se litigant understood the nature of the summary judgment motion. *Id.* (citing *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999); *M.B. # 11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997)); *see Trs. of the Local 813 I.B.T. Trust Fund, et. al. v. Chinatown Carting Corp., et. al.*, 2008 U.S. Dist. LEXIS 25094 (E.D.N.Y. Mar. 28, 2008) (denying motion for summary judgment without prejudice to re-file the motion in accordance with the Local Rules because the motion was not filed upon pro se defendants with a Rule 56.2 Statement).

In this case, there is no indication in the record that defendants ever served pro se plaintiff with the required Rule 56.2 Notice. Moreover, there is no evidence in the record to indicate that plaintiff understood the nature of a summary judgment motion or his burden in responding to such a motion. The Court notes that defendants' attorneys attempted to contact plaintiff to discuss the briefing schedule for defendants' motion for summary judgment but plaintiff did not respond. *See* Zeldin Ltr [Rec. Doc. 22] at 3.

### III. Conclusion

The City of New York and Officer Ponce's Motion for Summary Judgment is DENIED without prejudice to re-file the motion in accordance with Local Rule 56.2. The court sets the following revised motion schedule: (1) defendants shall re-file their motion for summary

judgment in conformity with the mandates of Local Rule 56.2 and certify to the Court via ECF that they have complied with Local Rule 56.2 within fourteen calendar days of the date of entry of this order; and (2) plaintiff shall serve his opposition to the motion within twenty-one calendar days after defendants' attorneys have certified to the Court that they have complied with Local Rule 56.2. If the pro se plaintiff fails to timely file an opposition to defendants' motion, having been properly placed on notice pursuant to Local Rule 56.2 regarding his burden on summary judgment, the Court will consider the motion unopposed and will proceed accordingly.

The Clerk of Court is instructed to mail a copy of this order to pro se plaintiff Wayne Hartnagel at 248 Himrod Street, Brooklyn, NY 11237.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

March 12, 2012
Brooklyn, NY