UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
Wayne Hartnagel,

                            Plaintiff,      **MEMORANDUM RULING**
      -against-                    **AND ORDER**
                                            Case No. 10-5637 (TLM)

City of New York and
Francisco Ponce

                            Defendants,
--------------------------------------------------------------- X

      Before the Court is defendants City of New York and Police Officer Francisco Ponce's Motion for Summary Judgment [Rec. Doc. 32]. The pro se plaintiff failed to submit a memorandum of law or any evidence in opposition to defendants' motion for summary judgment by the Court's deadline despite receiving proper summary judgment notice in accordance with Local Rule 56.2 [Rec. Doc. 36]. Accordingly, pursuant to Federal Rule of Civil Procedure 56(e), the Court may "grant summary judgment if the motion and supporting materials - including facts considered undisputed - show that the movant is entitled to it." For the reasons that follow, defendants' motion will be **GRANTED**.

      Plaintiff's Amended Complaint [Rec. Doc. 7] alleges that defendants unlawfully searched his house and seized his possessions on November 14, 2008. Plaintiff also alleges that defendants unlawfully detained his mother. Plaintiff brings an unlawful search, deprivation of property, and a *Monell* claim under 42 U.S.C. § 1983. Plaintiff also attempts to bring a false imprisonment claim under 42 U.S.C. § 1983 on behalf of his mother.[1]

---

[1] The amended complaint of the pro se litigant is liberally construed in his favor. *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

**I. Background**

On November 14, 2008 at 10:00 a.m., plaintiff alleges that defendant Officer Ponce forced his way into his house without a warrant and told his mother to take a seat. He told her that he did not have a warrant but would come back with one later. Defendants deny that they went to plaintiff's house during the morning of November 14, 2008. Based on information from a confidential informant, the NYPD obtained a warrant to search plaintiff's home for stolen goods. Plaintiff alleges that the NYPD returned to his house at 7:00 p.m. to conduct an unduly and destructive search. Defendants concede that they searched the house in the evening pursuant to a search warrant, and seized power tools and GPS devices from plaintiff's house. Plaintiff also alleges that defendants seized IPODs and a digital camera from the premises.

Defendants filed their first motion for summary judgment [Rec. Doc. 24] on October 21, 2011 but failed to provide adequate notice pursuant to Local Rule 56.2, which required defendants to serve and file a statement to the pro se plaintiff explaining the nature of a summary judgment motion. The Court denied defendants first motion for summary judgment without prejudice to re-file their motion in accordance with Local Rule 56.2 [Rec. Doc. 31]. Defendants properly filed the instant motion for summary judgment on March 26, 2012 in accordance with the Local Rules.

**II. Summary Judgment Standard**

Summary judgment is appropriate only when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a determination is to be made "after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the nonmoving party has the burden of proof at trial, the moving party must satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim, and if the moving party succeeds the burden shifts to the non-moving party to show that there is a genuine issue for trial. *Id.* at 322-23.

Once the burden shifts to the non-moving party, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* at 324. The non-moving party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970).

There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If no issue of fact is presented and if the movant is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322.

### III.  False Imprisonment Claim

Plaintiff alleges that his mother, Diane Kern, was unlawfully detained for nine hours on

November 14, 2008. Amend. Compl. at ¶7. To the extent that this allegation is construed as a claim for false imprisonment on behalf of Diane Kern, it must be dismissed for lack of standing to sue. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself suffered some threatened or actual injury resulting from the putatively illegal action.") (internal citations omitted). Accordingly, defendants' motion for summary judgment on plaintiff's false imprisonment claim will be granted.

## IV. Unlawful Search

Plaintiff alleges that defendants unlawfully searched his house "without a warrant." Amend. Compl. at ¶7. It is unclear whether plaintiff seeks damages for the alleged morning incident and/or the evening incident. Plaintiff also alleges that defendants conducted their search in an unduly and destructive manner. To show there was an unlawful search, plaintiff must prove each of the following: (1) that the defendants were acting under the color of state law at the time of the incident; and (2) that the defendants unreasonably searched plaintiff's house. *Washington v. Cty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004)*; see Dalia v. United States*, 441 U.S. 238, 257 (1979).

### A. Alleged Morning Incident

First, defendants deny that the morning incident occurred. Ans. at ¶4; *see* Def. Ex. E, Ponce Aff. By failing to submit a memorandum of law or any evidence in opposition to defendants' motion, plaintiff failed to support his factual assertion that the morning event occurred. In such a scenario, Federal Rule of Civil Procedure Rule 56(e)(2) permits the Court to "consider the fact undisputed for purposes of the motion." F.R.C.P. 56(e)(2). Based on the record, it is undisputed that the alleged morning incident did not occur and the Court so finds. Accordingly, plaintiff cannot maintain a claim for an unlawful search in the morning of November 14, 2008.

### B. Evening Search: Validity of Search Warrant

Although plaintiff alleges that defendants unlawfully searched his house "without a warrant," he concedes that defendants obtained a search warrant prior to searching his house in the evening of November 14, 2008. Amend. Compl. at ¶5; *see* Def. Exh. B, Search Warrant. The warrant authorized defendants to search plaintiff's house "between 6:00 a.m. and 9:00 p.m., ... without first announcing [their] purpose and or authority." Def. Exh. B, Search Warrant. There is no dispute that defendants conducted the search during the requisite time frame. Amend. Compl. at ¶4. Thus, defendants had authorization to search plaintiff's house and acted reasonably in doing so.

To the extent that plaintiff challenges the validity of the search warrant, his claim must fail. The Fourth Amendment has three requirements for warrants: 1) warrants must be issued by neutral, disinterested magistrates; 2) those seeking the warrant must demonstrate to the magistrate their probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense; and 3) warrants must particularly describe the things to be seized as well as the place to be searched. *Dalia*, 441 U.S. at 255 (internal citations omitted). Moreover, a neutral judge's probable cause determination is afforded great deference, and plaintiff faces a heavy burden to show that the warrant was issued on less than probable cause. *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998); *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

In this case, the search warrant was issued by a neutral magistrate, City of New York Criminal Court Judge Mary O'Donoghue, and described with particularity the items to be seized and the premises to be searched. Def. Ex. B, Warrant. Furthermore, the record is devoid of any evidence showing that the warrant in question was defective. Plaintiff's only claim regarding a deficiency in the warrant is a citation to case law pertaining to warrantless searches. Amend. Compl. at ¶7. This

citation is irrelevant as it is undisputed that defendants obtained a warrant. Def. Ex. B, Warrant. Accordingly, plaintiff cannot maintain a claim that the search warrant was invalid.

### C. Manner of Search

Plaintiff alleges that defendants searched his home in an unduly destructive manner. Amend. Compl. at ¶6. A search, however, will not be found to be unduly destructive where a plaintiff presents no evidence "that officers wantonly damaged or destroyed property or conducted the search in a manner inconsistent with its professed purpose." *Lewis v. City of Mount Vernon*, 984 F. Supp. 748, 756 (S.D.N.Y. 1997). Accordingly, plaintiff cannot maintain a claim for an unduly destructive search because he failed to submit any evidence to support his claim.

In sum, defendants' motion for summary judgment on plaintiff's unlawful search claim will be granted.

## V. Deprivation of Property

Plaintiff alleges that defendants unlawfully deprived him of his power tools, GPS devices, IPODs, and a digital camera. Defendants confirm that they seized power tools and GPS devices but deny they seized IPODs and a digital camera.

### A. Power Tools and GPS Devices

As discussed in part IV hereinabove, defendants searched plaintiff's house pursuant to a valid search warrant that identified the items to be seized. Def. Ex. B, Warrant. Moreover, any deprivation of property claims pertaining to objects identified in a warrant fails as a matter of law. *Askins v. City of New York*, 2011 U.S. Dist. LEXIS 40435, at *7-8 (S.D.N.Y. March 25, 2011) (dismissing deprivation of property claim since the warrant specifically identified the items to be seized, and thus defendant had probable cause and acted reasonably in seizing the items). In this case, the search

warrant explicitly identified power tools and GPS devices as items to be seized. Def. Ex. B, Warrant. Therefore, plaintiff cannot maintain a claim that defendants unlawfully deprived plaintiff of power tools and GPS devices.

### B. IPODs and Digital Camera

Plaintiff also alleges that defendants seized IPODs and a digital camera from his house but the record is devoid of any evidence to support his assertion. Defendants deny that they seized IPODs and a digital camera from plaintiff's house. Ans. at ¶6; Def. Ex. E, Ponce Aff. at ¶¶8-9; Def. Opp. at 13. Moreover, defendants submitted a property clerk's invoice and a post-warrant data entry form that identifies all the items seized from plaintiff's house; no IPODs or digital cameras were listed. Def. Ex. F, G. Therefore, the Court finds that it is undisputed that defendants did not seize IPODs or a digital camera from plaintiff's house. Accordingly, plaintiff cannot maintain a claim that defendants deprived plaintiff of IPODs and a digital camera.

In sum, defendants' motion for summary judgment on plaintiff's deprivation of property claim will be granted.

## VI. Monell Liability

To the extent that plaintiff alleges that defendant City of New York violated his constitutional rights under §1983, the claim must fail because a municipality can only be held liable under § 1983 for a policy, custom, or practice that causes the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).[2] Plaintiff's claim against the City of New York must fail because he failed to allege facts sufficient to show the existence of a municipal policy or custom that

---

[2] A municipality cannot be held liable under § 1983 for its employees' conduct under a theory of *respondeat superior*. *Reynolds v. Giuliani*, 506 F.3d 183, 190-91 (2d Cir. 2007).

caused the alleged constitutional violation. *See, e.g.*, *Costello V. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of pro se plaintiff's *Monell* claim since the complaint did not allege facts sufficient to show that the violation of his constitutional rights resulted from a municipal custom or policy) (internal citations omitted). Specifically, no municipal policy, custom, or practice was identified by plaintiff, and none can be inferred from plaintiff's complaint because it only alleges a single incident occurred that involved only actors below the policy-making level. *Trinidad v. City of New York*, 2006 U.S. Dist. LEXIS 51776, at *8 (E.D.N.Y. Jul. 7, 2006) ("A single incident alleged in a complaint, especially a single incident involving actors below the policymaking level, ... will not suffice to raise an inference of the existence of a custom or policy") (internal citations omitted). Accordingly, defendants' motion for summary judgment on plaintiff's §1983 *Monell* claim against the City of New York will be granted.

## VII. Conclusion

Defendants' Motion for Summary Judgment [Rec. Doc. 36] on plaintiff's false imprisonment, unlawful search, deprivation of property, and *Monell* claims under 42 U.S.C. §1983 is **GRANTED** and plaintiff's claims against the City of New York and Officer Ponce are dismissed with prejudice.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

April 30, 2012
Brooklyn, NY